(November 11, 1910.)

BENJAMIN WALDRON, Appellant, v. EVAN JENKINS, Respondent.

[111 Pac. 745.]

DAMAGES—ESTABLISHMENT OF PRIVATE ROAD—JUDGMENT OF COURT— RES ADJUDICATA—PROVING DEDICATION.

(Syllabus by the court.)

1. A former judgment adjudging that a certain private road has been dedicated to the public is *res adjudicata* as between the parties to such action.

2. *Held,* that said former action was not brought for the purpose of laying out and creating a new road, but was brought for

the purpose of adjudicating the question whether said road had been dedicated to the use of the public.

3. As the parties plaintiff and defendant are the same in the action at bar and in the action referred to, the judgment as between them is *res adjudicata.*

APPEAL from the District Court of the Fifth Judicial District, for Oneida County. Hon. Alfred Budge, Judge.

Action to recover damages for leaving open certain gates. Judgment for defendant. *Affirmed.*

E. G. Davis, and T. D. Jones, for Appellant.

The first action was brought to determine the question as to whether or not the respondent had a right to travel over the premises of the appellant, on a road which he and others had used for more than thirty years. It is admitted that he had, and the court in decreeing his right of way erroneously, as we contend, denominated this private way a *private road.* It is admitted that the question as to the existence of this right of way in respondent's favor is *res judicata,* but not the question as to whether or not the road in question is a *private road.* Since the court could not lawfully create a *private road* by judicial decree, that part of the judgment which declared the road in question to be a *private road* should be treated as a mere nullity, and the decree ordered amended to conform to the facts.

The original action was brought to establish a right of way, and the question as to whether or not the particular road was a private road was not one of the issues of the case.

"A judgment upon matter not in issue is not conclusive, and may be inquired into collaterally." (*McFadden v. Ross,* 108 Ind. 512, 8 N. E. 161; *Doonan v. Glynn,* 28 W. Va. 715; *McCartney v. Osburn,* 118 Ill. 403, 9 N. E. 210; *Munday v. Vail,* 34 N. J. L. 418; *Campbell v. Consalus,* 25 N. Y. 613; *Springer v. Bien,* 32 N. Y. St. Rep. 63, 10 N. Y. Supp. 430.)

D. C. McDougall, for Respondent.

The court had before it its own findings and decree entered at the previous term of court over the same subject matter

and between the same parties. The offers of the appellant of proof which would tend to prove the same questions which had been determined in the previous case were incompetent and immaterial, and were properly excluded from the record.

SULLIVAN, C. J.—This action was brought to recover damages alleged to have been caused by the unlawful tearing down and leaving open of certain gates on a private road in Oneida county. The cause was tried by the court without a jury and judgment was entered in favor of the defendant. The appeal is from the judgment.

It appears from the record that the road referred to had been established in 1877 by several owners of land bordering thereon, was twenty-one feet in width, and that gates had been maintained thereon; that said road had not been established by an order of the board of county commissioners. It also appears that a controversy had arisen in regard to said road between the appellant and the respondent, as a result of which an action was instituted by the respondent in this action as plaintiff against the appellant as defendant, in the district court of Oneida county, in 1906, and the court made its findings of fact and conclusions of law, and entered judgment in said action in favor of the plaintiff in that action. In that action the court found "that the plaintiff and the defendant and the public have continuously, openly and adversely continued to travel the said road at all times up to October, 1906; and that at all times since the year 1877 the plaintiff and all the public have traveled said road under claim of right, and that the defendant was at all times residing within one-half mile thereof and knew of the said use of the plaintiff; that the plaintiff and the other users of the said road have expended considerable sums in labor in repairing, grading and filling and bridging on said road, and entered judgment on the 9th day of February, 1907, as follows:

"Now, therefore, by reason of the law and the evidence, it is ordered, adjudged and decreed that those certain premises described as follows, to wit: A certain road inclosed in a lane, the center line of which is beginning at a point 80 rods

north of the center of Sec. 14, in Township 15 S. R. 35 E. B. M., and running thence north 1¼ miles, and being of a width of 21 feet, is a private road; and that the plaintiff is at all times entitled to the free and uninterrupted use of the same for traveling and stock and farm purposes.

"It is further ordered, adjudged and decreed that the defendant and his agents and servants be and they are forever enjoined and restrained from obstructing the plaintiff's free use of said lane and road, and that the plaintiff have and recover from the defendant his costs of suit amounting to $52.15."

That judgment was not appealed from, and is a valid and subsisting judgment between the parties thereto, and as they are the respective parties to this action, that judgment is *res adjudicata* as to them.

Counsel for appellant contends that a private road cannot be established by a decree of court, and can only be laid out in the manner prescribed by statute, and that the court had no jurisdiction whatever in the action referred to to declare said road to be a private road.

The court by that decree did not undertake to establish a private road by decree of court. That suit was not brought for the purpose of laying out and creating a new road, but was brought for the purpose of adjudicating whether the road in question had been laid out, established and dedicated to the public many years before that action was instituted. The court by that decree did not undertake to establish said road, but simply found as a fact that in the year 1877 the plaintiff and defendant and other land owners, by common consent, had dedicated said road, twenty-one feet in width, to the use of the public, and that at all times since that year the plaintiff and the public had traveled said road under a claim of right. As the plaintiff in this action was a party to that suit and the judgment in that case is a valid and subsisting judgment, he is bound by it.

While the court has no authority to establish a road by decree, it had the jurisdiction to determine whether certain acts of parties resulted in the establishment or dedication of

a public road. In the former action, the court held that said road had been dedicated to the public by the acts of the owners, and the parties to that action are bound by that judgment.

The judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Ailshie, J., concurs.